THE PEOPLE OF THE STATE OF NEW YORK ex rel. MINOT F. JELKE, Relator, against WILFRED DENNO, as Warden of Sing Sing Prison, Defendant.

Supreme Court, Special Term, Westchester County, July 14, 1955.

*Daniel J. Riesner* and *Julian Jawitz* for relator.

*Jacob K. Javits, Attorney-General* (*Harold Borgwald* of counsel), for defendant.

*Frank S. Hogan, New York County District Attorney* (*Richard G. Denzer* and *Charles W. Manning* of counsel).

*Joseph F. Gagliardi, Westchester County District Attorney* (*Morton Edmiston* of counsel).

DOSCHER, J. The relator, after conviction, was granted a writ of habeas corpus upon a petition challenging the judgment as completely void on the ground that the acts of which he was convicted do not constitute crimes under the Penal Law of the State of New York.

For the sake of future reference, the counts of which relator stands convicted are the first count — hereafter called the Ward count — and the eighth count — hereafter called the Cordova count. Unless the judgment in each count is a nullity, the writ will have to be dismissed.

In the Ward count, the relator was convicted of compulsory prostitution in that he induced, enticed and procured the female to live a life of prostitution. A careful reading of the statute involved, section 2460 of the Penal Law, fails to reveal that inducing, enticing or procuring a female to live a life of prostitution is included. It is not the prerogative of the court to fill in or interpolate into statutes that which the Legislature omits. The inclusion in the section of the *attempt* to induce, entice or procure a female to live a life of prostitution does not, in this court's opinion, include the consummated act. In view of the ultimate decision on the writ, it is not necessary to further discuss this count. Suffice it to say that if this were the only count, the writ necessarily would be sustained.

In the Cordova count the relator stands convicted and committed to Sing Sing Prison on a charge of compulsory prostitution in that he attempted to induce, entice and procure the female to live a life of prostitution. Relator argues that since the completed act was not made a crime by the Legislature, the attempt could not be a crime. (*People* v. *Jaffe,* 185 N. Y. 497; *People* v. *Teal,* 196 N. Y. 372.)

A crime is any act or omission forbidden by law (Penal Law, § 2). After the adoption of the Penal Code, any act not specifically prohibited is not a crime (Penal Law, § 22). Therefore, the inquiry into the validity of relator's contentions must revolve around the specific provisions of the Penal Law.

There are set forth in the Penal Law two types of attempts. Most generally known, used and discussed is an "Attempt to commit a crime" as defined by section 2 of the Penal Law and as applied by section 260 *et seq.* of the Penal Law. In this category of attempts there must be an act done with intent to do or omit to do, but failing to effect, an act or omission specifically forbidden by law. In this type of an attempt, the punishment, upon conviction, may not exceed one half that imposed for effecting the forbidden act or omission (Penal Law, § 261). To sustain a conviction for the "attempt to commit a crime", the act or omission, if it has been completed, would have to be some crime enumerated in the Penal Law or some other statute (*People* v. *Jaffe, supra; People* v. *Teal, supra*).

The other type of "attempt" is the one specifically prohibited by a penal statute as in the case of section 1695 and section 2460 of the Penal Law. In such cases, the punishment is fixed by statute and is not one half of that for the completed act

or omission. In other words, the Legislature made the attempt itself a separate and distinct crime.

The relator in this case stands convicted in the Cordova count of an attempt of the latter type. True, the Legislature has failed or omitted to make the consummated act a crime, but the correction of that incongruous and anomalous situation is for legislative and not judicial action.

On a writ of habeas corpus, unlike an application for a certificate of reasonable doubt, the court may not go behind the judgment and make some inquiry into the merits. Whatever this court's opinion may be on the facts as presented in connection with the Cordova count, the trial court charged a crime, and, on such charge, the jury rendered its verdict. On this basis there is a valid conviction for the purposes of this decision on the Cordova count. The writ must be dismissed and the relator remanded to the custody of the Warden of Sing Sing Prison.

Settle order on notice.